```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF OKLAHOMA

CARMEN I. JOHNSON,                   )
                                     )
                Plaintiff,           )
                                     )
                                     )  Case No. CIV-20-400-RAW-KEW
                                     )
COMMISSIONER OF THE SOCIAL           )
SECURITY ADMINISTRATION,             )
                                     )
                Defendant.           )
```

## REPORT AND RECOMMENDATION

Plaintiff Carmen I. Johnson (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for disability benefits under the Social Security Act. The Claimant appeals the Commissioner's decision, asserting that the Administrative Law Judge ("ALJ") incorrectly determined she was not disabled. For the reasons discussed below, it is the recommendation of the undersigned Magistrate Judge that the Commissioner's decision be AFFIRMED.

### Claimant's Background

The Claimant was 48 years old at the time of the ALJ's decision. She has a Bachelor of Science in Business Management and has worked in the past as a dispatcher, customer service supervisor, sales manager, officer manager, and file supervisor. The Claimant first alleged that her inability to work began on July 7, 2014. She later amended this date to May 1, 2017. She

claims this inability stems from limitations resulting from rheumatoid arthritis, Hashimoto's thyroiditis, fibromyalgia, a tumor on the pituitary gland, asthma, anxiety, depression, COPD, glaucoma, and first stage uterine cancer.

## Procedural History

On April 26, 2018, the Claimant filed an application for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. On May 5, 2018, Claimant also filed an application for supplement security income benefits pursuant to Title XVI (42 U.S.C. § 1381, *et seq*.) of the Social Security Act. Her claims were initially denied and were also denied upon reconsideration. On November 11, 2014, ALJ Laura Roberts, conducted an administrative hearing by video from Tulsa, Oklahoma. The Claimant testified from Muskogee, Oklahoma. On January 30, 2020, ALJ Roberts issued an unfavorable decision. The Claimant requested review by the Appeals Council and the Council denied such request on September 5, 2020. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ followed the five-step sequential process that the social security regulations use to evaluate a disability claim.

*See* 20 C.F.R. §§ 404.1520, 416.920.[1] At step two the ALJ found that the Claimant suffered from the following severe impairments: obesity, asthma, rheumatoid arthritis, and migraine headaches. Between step three and four the ALJ determined that Claimant had the following residual functional capacity ("RFC"):

> The [C]laimant has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except with additional limitations. The [C]laimant is able to perform work with occasional exposure to dust, fumes, odors, gases and other pulmonary irritants. The [C]laimant is unable to perform work involving any exposure to extreme hot or cold temperatures or excessive humidity. The [C]laimant is unable to perform work requiring the climbing of ropes, ladders or scaffolds. The [C]laimant is able to perform work requiring occasional climbing of ramps and stairs, stooping, crouching, crawling, kneeling, and balancing on uneven, moving, or narrow surfaces.

(Tr. 24). Then, at step four, the ALJ determined that the Claimant could return to her past relevant work as a dispatcher, sales

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

manager, customer service supervisor, officer manager, and file supervisor. (Tr. 31). The ALJ still proceeded to step five and made an alternative finding that Claimant could also perform alternative jobs such as cashier, sales attendant, and cafeteria attendant. (Tr. 32). The ALJ found that these jobs did exist in significant numbers in the national economy. (Tr.31-32). Thus, the ALJ found that the Claimant had not been under a disability since May 1, 2017. (Tr. 33).

## Errors Alleged for Review

The Claimant asserts that the ALJ erred in three ways: (1) by failing to correctly assess all her impairments at step two; (2) by failing to consider all of Claimant's impairments in combination when formulating the RFC; and (3) by finding that the Claimant could perform work at Step Five.

## Social Security Law and Standard of Review

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A).

Judicial review of the Commissioner's final determination is limited to two inquiries: first, whether the correct legal standards were applied; and second, whether the decision was supported by substantial evidence. *Noreja v. Comm'r, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "It means — and means only — 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) *(*quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01. The Commissioner's decision will stand, even if a court might have reached a different conclusion, as long as it is supported by substantial evidence. *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

### Step Two Evaluation

The Claimant argues that the ALJ erred at step two by failing to correctly consider all of Claimant's impairments. Specifically,

5

she contends that the ALJ should have found her hypertension, anxiety, depression, and fibromyalgia were severe impairments. She also argues that the ALJ should have found the Claimant had severe mental limitations. This argument ignores the substantial evidence that the ALJ cited throughout her step two analysis. (Tr. 17-21). This argument does nothing more than ask the Court to reweigh the evidence, something it cannot do.

At step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits [her] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). The burden of showing a severe impairment is "de minimis," yet "the mere presence of a condition is not sufficient to make a step-two [severity] showing." *Flaherty v. Astrue*, 515 F.3d 1067, 1070-71 (10th Cir. 2007) (quoting *Williamson v. Barnhart*, 350 F.3d 1097, 1100 (10th Cir. 2003)); Soc. Sec. Rul. 85-28, 1985 WL 56856 (Jan. 1, 1985). An impairment which warrants disability benefits is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience." *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). But the diagnosis of a condition

does not establish disability, the question is whether an impairment significantly limits the ability to work. *Madrid v. Astrue*, 243 Fed. Appx. 387, 392 (10th Cir. 2007)

When evaluating the severity of a mental impairment, the ALJ is required to rate the degree of functional limitation in four broad areas of functioning, including (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. The ALJ uses a five-point scale when rating the four areas of functioning – none, mild, moderate, marked, and extreme. *Id.* at § 416.920a(c). After rating the degree of functional limitation resulting from a mental impairment, the ALJ determines the severity of the impairment. *Id.* at § 416.920a(d). An "extreme" rating in one area of functioning or a "marked" rating in two areas of functioning is incompatible with the ability to engage in work activity. *Id.* at § 416.920a(c)(4); 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(A)(2)(b). A rating of "none" or "mild", however, generally results in a conclusion that the "impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in [the] ability to do basic work activities[.]" *Id.* at § 416.920a(d)(1).

The ALJ explained her reasoning behind finding the Claimant's hypertension, anxiety, depression, and fibromyalgia were non-severe. Throughout step two she cited substantial evidence to

support her findings, including: evidence of Claimant's visit to Muskogee Creek Nation Health Services on August 28, 2017, at which the doctor found her hypertension was stable and described it as benign; evidence of the lack of the requisite number of trigger points required for the classification of fibromyalgia; and evidence of Claimant's visit to Claremore Indian Health Services on December 7, 2017, at which the doctor found no abnormalities in Claimant's respiratory or cardiovascular examinations. (TR. 17-20, 419, 452).

As for the anxiety and depression, while the medical records do reflect occasional complaints associated with these mental impairments, there is substantial evidence to support the conclusion that they are not severe. In making this finding, the ALJ did consider the limitations in the four broad areas of mental functioning, otherwise known as the "paragraph B" criteria. Tr. 19-21); 20 C.F.R. § 416.921. The ALJ addressed all of the Function Reports present in the record. These Function Reports all indicated that while the Claimant was having difficulty managing stress, she could care for herself, as well as her adult son. (Tr. 19-20, 292-99, 300-07, 318-25). The ALJ considered the aforementioned reports, the Claimant's testimony, and the medical evidence and concluded that the mental impairments were not severe.

The above evidence cited by the ALJ shows she thoroughly considered the record at step two and that her decision is

supported by substantial evidence. While the Court does not find error at step two of the sequential evaluation, it is important to note that even if an error was present, it would be a harmless because the ALJ found at least one severe impairment. Therefore, a remand would not be appropriate or required. *See e.g. Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008)("[n]evertheless, any error here became harmless when the ALJ reached the proper conclusion that [the claimant] could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence"); *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016)("the failure to find a particular impairment severe at step two is not reversible error when the ALJ finds that at least one other impairment is severe"). As such, there is no reversible error in the ALJ's step two determination.

### Consideration of Claimant's Impairments

The Claimant next argues that the ALJ failed to properly consider all her impairments when she determined the RFC. The Commissioner acknowledges one must consider all impairments when formulating the RFC but asserts that the ALJ's decision "is sufficient to show that she reasonably considered the combined effects of [Claimant's] impairments." The Court agrees with the Commissioner's assertion.

It is undisputed that the ALJ must consider the combined effect of all impairments when determining the Claimant's RFC.

9

*Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006); *Wells v. Colvin*, 727 F.3d 1061,1071 (10th Cir. 2013). The Tenth Circuit has held that it is the general practice to take "a lower tribunal at its word" when it states that it has considered all impairments. *Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2007) (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005).

The ALJ stated throughout her opinion that she considered all medically determinable impairments, not just those that she found were severe. (Tr. 17, 25, 30-31). She also acknowledged her duty to consider the combined effects of the Claimant's impairments when formulating the RFC. (Tr. 16, 19, 21). Throughout her discussion of the RFC the ALJ cites multiple medical records, the Claimant's testimony, medical opinions, and prior administrative findings. (Tr. 24-31). This complete analysis misplaces any of Claimant's assertions that the ALJ did not properly consider or address all impairments when forming the RFC.

The Claimant's assertion that the ALJ failure to include mental limitations in the RFC shows she failed to account for all her impairments also is unpersuasive. Even if an ALJ finds mild limitations from mental impairments, that does not mandate that she include mental limitations in the RFC. *See e.g. Beasley v. Colvin*, 520 F. App'x 748, 754 (10th Cir. 2013) ('[t]he ALJ was under no obligation to include limitations in social functioning in Ms. Beasley's RFC based solely on his finding that she had

10

'moderate difficulties' in social functioning as part of the distinct step-three analysis"). Here, the ALJ did not ignore the Claimant's mental impairments when forming the RFC. In fact, she addressed them and her reasoning for not including mental limitations in the RFC. (Tr. 25).

The Claimant's contention that her obesity was not properly considered also is unpersuasive. Social Security Ruling 19-2p requires an ALJ consider that "[t]he combined effects of obesity with another impairment(s) may be greater than the effects of each of the impairments considered separately" when assessing the RFC. Soc. Sec. Rul. 19-2p, 2019 WL 2374244, *4 (May 20, 2019). "Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment(s)." *Id*. at *2. Each case is evaluated based on the information in the record, resulting in "an individualized assessment of the effect of obesity on a person's functioning[.]" **Id**. at *2, *4. "[G]eneral assumptions about the severity or functional effects of obesity combined with [other] impairments" will not be made. *Id*. at *4.

The ALJ adequately address the Claimant's obesity when she determined the RFC. (Tr. 17, 21). At Step Two, the ALJ did determine that the Claimant's obesity was a severe impairment. (Tr. 17). At Step Three the ALJ specifically mentioned the criteria set out in Social Security Ruling 19-2p and addressed how it was used to evaluate Claimant's obesity. She stated that "[t]he

11

totality of evidence does not show that the functional effects of obesity combined with the claimant's other impairments either meets or equals a listing." (Tr. 21). When she formulated the Claimant's RFC the ALJ addressed multiple medical records in which the Claimant's obesity was discussed. She referenced an examination in August 2017, at which Claimant's BMI was 40. (Tr. 26). The ALJ stated that this examination did not support the "alleged severity of the claimant's complaints" and that it "did not support the presence of any functional limitation that would contradict the above residual functioning capacity." (Tr. 26). She also referenced the Claimants examination in May of 2018, at which her BMI was recorded as 41. (Tr. 27). The Claimant's musculoskeletal examination was normal and showed a normal range of motion. (Tr. 26). She again noted that this examination was consistent with the identified RFC. (Tr. 27). The discussion of these examinations, along with the discussion of other examinations, shows that the ALJ acknowledged and considered the Claimant's obesity when she determined the RFC. The ALJ's determinations regarding the Claimant's RFC are supported by substantial evidence in the record.

### Step Five Evaluation

Finally, the Claimant asserts that the ALJ erred at Step Five, as the hypothetical questioning of the VE did not include all of her impairments. She also argues that a "precise RFC" would

preclude her from performing any work. But the Court is unpersuaded by the argument. As discussed above, no error was found in the earlier evaluations. The ALJ properly analyzed the Claimant's RFC and thus posed proper hypothetical questions to the VE. See *Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000) (noting that an ALJ's hypothetical questioning of a VE will provide an appropriate basis for a denial of benefits where the questions "included all the limitations the ALJ ultimately included in his RFC assessment.") (citing *Gay v. Sullivan,* 986 F.2d 1336, 1341 (10th Cir.1993)). Because the RFC which the ALJ formulated was supported by the record and did consider all limitations — whether severe or not — the questions posed to the VE were proper. Therefore, no error occurred at Step Five and the Commissioner's decision should be affirmed.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be AFFIRMED. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate

review of this decision by the District Court based on such findings.

DATED this 25th day of August, 2022.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE